BROOKLYN TRUST CO. v. PHILLIPS et al.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

WILLS (§ 634*)—CONSTRUCTION—ESTATES DEVISED.

    Testator gave $10,000 to his executors, in trust for a beneficiary for life, and after her death to pay the same equally among her two children, if they, or either of them, should have arrived, or when either of them should arrive, at full age, and gave the residue of the estate to persons named. *Held*, that the remainder to the children was contingent, as, from an examination of the will, it was apparent that the testator did not intend that the principal of the trust fund should vest immediately in them, and Real Property Law (Laws 1896, p. 564, c. 547) § 30, providing that a future estate is vested when there is a person in being who shall have an immediate right to the possession of the property on the determination of the intermediate estates, etc., made applicable to personal property by Personal Property Law (Laws 1897, p. 507, c. 417) § 2, did not render the interest of the children a vested future interest so that, on the death of the children in the lifetime of the mother, the gift to them lapsed, and the property passed to the residuary legatees.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Appeal from Special Term, Kings County.

Action by the Brooklyn Trust Company, as trustee, against Octavius T. Phillips, as administrator, and others, for the construction of the will of Daniel Marley, deceased. From the judgment, certain defendants appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Duane P. Cobb, for appellants.

William M. Benedict, for respondent Phillips.

RICH, J. Daniel Marley died on December 13, 1872, leaving a last will and codicil, which were thereafter duly admitted to probate. The will contained the following provisions:

"I give, devise and bequeath unto my said executors and the survivors of them the further sum of ten thousand dollars of like lawful money upon the following trusts, that is to say, to lay out and invest the same at interest in like manner and reinvest the same if necessary and to stand possessed thereof and the said interest upon trust to pay the said interest from time to time as soon as the same shall be received unto Margaret Phillips, now residing at No. 53 Bank street in the city of New York, for and during the term of her natural life, and after her decease, then upon trust to pay and divide the said last-mentioned sum of ten thousand dollars equally among her two children, to wit: Edward M. Phillips and Daniel M. Phillips if they or either of them shall have arrived or when either of them shall arrive at the age of twenty-one years, and if at the death of their said mother only one of the said children should be living and he has arrived at that age, and if not then when he has arrived at that age, the whole of the said sum of ten thousand dollars and any interest thereon that may not have been expended shall be paid to such surviving child to and for his own use and benefit. And in the meantime and until both or either of the said children shall arrive at that age the interest on the said last mentioned sum shall be applied to their or either of their support, clothing, maintenance and education, as it may be required, and as the event may happen. * * * And as to all the rest, residue and remainder of the proceeds of my said real and personal estate, I give, devise and bequeath the same unto the three daughters of the said Catherine

Ann Mayo Tracey to wit, the said Sarah Tracey, Frances Tracey and Emma Tracey, to and for their own absolute use and benefit forever, the same to be divided among them in equal shares and proportions."

But two relatives, a sister and cousin, are mentioned in the will; the bulk of the testator's property being distributed among friends and charitable institutions. Neither Mrs. Phillips, her children, nor the residuary legatees are relatives of the deceased. Edward M. Phillips died in January, 1873, at the age of 17 years. Daniel M. Phillips died in April, 1878, at the age of 23 years. Mrs. Phillips, their mother and the life beneficiary, died on December 17, 1906. The only question presented by this appeal requiring consideration is whether the remainders to Daniel and Edward Phillips were vested, taking effect in possession upon their, or either of them, surviving their mother, having attained the age of 21 years before her death, or reaching that age thereafter, or whether such remainders were contingent, and never vested, because of both cestuis que trust predeceasing her.

There are not, in this devise, any words of direct gift to the children of Mrs. Phillips, but a direction that the executors should convey to them at a future time on certain contingencies. They were to take through the medium of a power in trust, and the time of the vesting of the principal of the legacy was thus deferred until the time of distribution. A case is presented were futurity is annexed to the substance of the gift, and, as was said in Matter of Baer, 147 N. Y. 348, 41 N. E. 702, it "warrants the application of the principle that, where a future interest is devised, not directly to a given person, but indirectly through the exercise of a power conferred upon trustees, the devise is designed to be contingent, and survivorship at the time of distribution" (which in the case at bar is by the will made a condition precedent to payment of the trust legacies) "is an essential condition to the acquisition of an interest in the subject of the gift." In Matter of Crane, 164 N. Y. 71, 58 N. E. 47, Chief Judge Parker quotes the opinion of Judge Finch in Smith v. Edwards, 88 N. Y. 92, as follows:

"It has been often held that, if futurity is annexed to the substance of the gift, the vesting is suspended; * * * that where the only gift is in the direction to pay or distribute at a future time, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of the gift."

And he then says:

"It is true that to these general rules of construction there are exceptions, and the cases noting them can be grouped under two heads: First. If the postponement of the payment is for the purpose of letting in an intermediate estate, then the interest shall be deemed vested at the death of the testator, and the class of legatees is to be determined as of that date, for futurity is not annexed to the substance of the gift. * * * The second exception is where there are words importing a gift in addition to the direction to executors or trustees to pay over, divide, or distribute. In such a case the general rule of construction does not govern, because the language employed, outside of the direction to divide or distribute, imports a gift, and therefore the situation is precisely as if the will contained words of gift. In other words, to state the proposition in familiar phrase, where from the examination of the whole will it is apparent that it was the intention of the testator that the estate should vest in the beneficiaries immediately upon his death, the rule governing where there is merely a direction to divide at a future time must be sub-

ordinated to that broader rule, which requires that the intention of the testator shall control, where it can be ascertained 'within the four corners of the will.' "

Can such an intention be found in the will under consideration? If not, the general rules of construction referred to require us to hold that the interest of the beneficiaries was contingent. The will before us does not come within either of the exceptions stated, and such intention cannot be ascertained as the result either of an application of the general rules of construction, the language used by the testator, or the general scheme of the will. The first exception has no application, and while the learned trial judge reached the conclusion that the case was within the second exception, namely, that the will evidences the intention of the testator that the principal of the trust fund should vest immediately in the cestuis que trust, I am unable to concur with him in such conclusion. The language of the clause in question is of itself clearly and convincingly to the contrary, and when considered in connection with the other provisions of the will it is made apparent that the testator had no intention that the trust legacies should vest upon his death. The principal of the estate devised to the executors in trust was in its entirety to continue in their possession and under their control until the death of Mrs. Phillips, her children not being permitted by virtue thereof to possess or enjoy it, or any portion of it, until her death, first, and, second, they or the survivor reached the age of 21 years; and to give effect to this intention the trust was in express terms continued after the death of Mrs. Phillips. No clearer language could have been used by the testator to express his intent.

The words used in creating the trust and directing the payment of the fund—which is the only gift to Edward and Daniel Phillips—are limited to a time in the future and dependent upon the happening of future events, which fact of itself negatives an intention that the trust legacies should vest in the beneficiaries upon the death of the testator. There is no language used that warrants the conclusion that the testator had any time in mind when his gift should become absolute and vested, prior to the time of payment fixed by him. In this connection the words used, "and after her decease then upon trust to pay and divide," support this construction; for, if the fund vested in the cestuis que trust—one-half in each—upon the death of the testator, there would be nothing left for the executors to divide upon the death of the mother, or when thereafter they became of age, and the continued trust would be without a fund to operate on. Great weight was attached by the learned trial justice to the language of the residuary clause, which he construes as evidencing an explicit gift of the remainder only of the proceeds of the testator's real and personal property, after deducting therefrom the amounts of the prior legacies and trust funds. Such proceeds constituted the only available source from which any of the legacies or trusts could be paid. The executors were directed to sell all of his real and personal estate and convert the same into money, collect all mortgages and other debts, and from the proceeds thus obtained the testator directs the payment of various amounts aggregating about $175,000, and it seems to me apparent that he did not intend,

by the use of the words "all the rest, residue and remainder of the proceeds of my said real and personal estate," to limit the residuum to such balance as might remain after deducting from his gross estate the amount of the legacies and trust funds which he had by prior provisions attempted to dispose of. Not only the property which the testator had not attempted to dispose of, but all property which he had not effectually disposed of, which for any reason did not vest in his legatees, and lapsed legacies, with the possible exception of a bequest lapsing because of the death of one of the residuary legatees, passed into and became part of his residuary estate. Matter of Barrett, 132 App. Div. 134, 116 N. Y. Supp. 756.

Nor can I agree with the learned trial court in the conclusion that under the provisions of section 30 of the real property law (Laws 1896, p. 564, c. 547), made applicable to personal property by section 2 of the personal property law (Laws 1897, p. 507, c. 417), the interests given the Phillips boys in the $10,000 trust fund constituted a vested future interest. That section provides that a future estate is vested when there is a person in being who shall have an immediate right to the possession of the property on the determination of all the intermediate or precedent estates, and that it is contingent while the person to whom or the event on which it is limited to take effect remains uncertain. There was no time after the testator's death when the trust estate, created by the provisions of the will quoted, was vested, under the statutory definition of a vested estate. The precedent estate in the case at bar was that of the mother. Upon the termination of her estate during the life and minority of both her sons, there was no person in existence having an immediate right to the possession of the property. Such right did not exist in either of the cestuis que trust until they or the survivor reached the age of 21 years, and until that time the person to whom and the event on which the right to possession of the trust fund was limited were both uncertain, and the future estate was contingent under this provision of the statute. After the death of Edward, and upon Daniel's becoming of age, his right to the possession of the fund was yet postponed, uncertain until, and dependent upon, the death of his mother, before which time he died. There was no time when, under the plain provisions of the will, either of the cestuis que trust was entitled to the possession of the trust fund, or any part thereof, or when their interest therein became vested, so that upon their death it passed to their legal representatives.

It must be kept in mind that the trust created is not a gift of the residuary estate, nor does it so operate, but is the creation and gift of a specific fund, which, in the event of the interests therein lapsing, did not create or result in intestacy to any extent, but became part of the residuary estate, and passed to the residuary legatees. The intention of the testator that the trust fund should not vest before the time appointed for its payment is manifest, not only because the only words of gift are contained in the direction to pay and divide, but because there are words of survivorship which make the ultimate beneficiary uncertain, and from the language used by the testator in creating the trust and directing payment, which is not susceptible of, or reconcilable

with, any other construction. Both cestuis que trust having predeceased their mother, their interest in the trust fund lapsed, and it became part of the residuum of the estate, which, under the provisions of the residuary clause of the will, passed to and became the property of the appellants.

Judgment reversed, and a new trial granted; costs to abide the final award of costs. All concur.