WOODRUFF v. WOODRUFF et al.

(Supreme Court, Special Term, New York County. May 25, 1911.)

1. WILLS (§ 634*)—CONSTRUCTION—VESTED ESTATES.

Testator gave his residuary real and personal estate to his trustee, to pay the income to his wife for life, and on her death to distribute the same, by paying a specified sum to persons named and the remainder to the children of a third person. A codicil revoked the legacy of one of the persons named, and gave the same to testator's wife for life, with gift over. *Held* that, under Real Property Law (Consol. Laws 1909, c. 50) § 40, relating to future and contingent estates, and Personal Property Law (Consol. Laws 1909, c. 41) § 11, subjecting limitations of future and contingent interests in personalty to the rules governing real property, the legacies to the persons named vested at testator's death; for at testator's death there were persons in being who had an immediate right to the possession of the legacies on the ceasing of the precedent estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

2. WILLS (§ 634*)—CONSTRUCTION—VESTED ESTATES.

The rule that, where the only words of a gift are found in the direction to divide or pay at a future time, the gift is future and contingent,

is subject to the exception that, where such payment or distribution is postponed for the convenience of the estate only, such as to let in some intermediate estate, the ulterior legatees take a vested interest at the death of testator, and under the exception the persons named took a vested estate at testator's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

3. WILLS (§ 634*)—CONSTRUCTION—VESTED ESTATES.

Under the rule that where there are words importing a gift, in addition to the direction to executors or trustees to pay over, divide, or distribute, the situation is the same as if the law contained words of a gift, the legacies to the persons named vested at testator's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Action by Charles H. Woodruff, executor and trustee of James Jarrett, deceased, against George L. Woodruff, executor of Juliette L. Woodruff, deceased, and others, for the construction of a will. Will construed.

Frederick S. Woodruff, for plaintiff.
H. W. Merchant, for defendants.

FORD, J. This case involves the construction of a will whose provisions, so far as pertinent to the question at issue, are in substance as follows and as originally numbered:

Second. The testator gives and bequeaths to his wife, "if she be living" at his death, $10,000 and his personal effects.

Fourth. The rest of his property, consisting of real and personal, he gives to his trustee, with directions to pay the income from it to his wife during her natural life, and directs that upon her death the trustee shall "dispose of, pay over and distribute the said property and estate so as aforesaid held by him in trust to and among the following beneficiaries, free and discharged in each and every instance of the legacy tax imposed by the laws of the state of New York." Here follows a schedule (divided into four "items") of names of particular persons, each of whom, with one exception, is to receive $1,000. Among them are the ones concerning whose interest in the estate the question here arises, from their having died between the death of the testator and that of his wife. At the end of this subdivsion of the will is added the following provision:

"And should my wife be not living at the time of my decease, I give and bequeath to each person named in the foregoing items * * * the sum of one thousand dollars."

Fifth. The remainder of the trust estate he gives, devises, and bequeaths, and directs his executor "to assign, transfer, pay over and convey," to the children of his—

"friend, Morris Woodruff, that shall be then living, and the issue of any child or children of said Morris Woodruff who shall have then died leaving lawful issue who are then living, to be equally divided between them share and share alike, if of equal degree, but if of unequal degree then per stirpes and not per capita (such issue to take in lieu of deceased parent or parents), to be had and held by them and each of them, their and each of their several and respective heirs, executors, administrators and assigns forever."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A codicil is annexed, revoking the legacy of one of the legatees contained in the schedule above mentioned in the following language:

"Second. I hereby revoke and cancel the gift and bequest of one thousand dollars to James Jarrett, son of Mary Jarrett, of Buffalo, in the 'fourth' paragraph of my said will contained, and I hereby give and bequeath and direct my executors to pay said sum of one thousand dollars to my wife if she be living at my death."

Then this paragraph immediately follows in the same codicil, which is dated about two years later than the will proper:

"Third. In case any of the gifts, bequests or devises by my will or this codicil made shall for any reason lapse or fail to take effect, I hereby give, devise and bequeath the amount of such gift, bequest or devise, and direct my executors to divide, assign, transfer, pay over and convey the same, in all cases free of tax, equally to and among the children of my friend, Morris Woodruff, then living, and the issue per stirpes and not per capita of any who have died leaving issue who are then living."

The question presented is: Did the legatees who died after the testator and before the widow take a vested or a contingent interest in the estate upon the death of the testator? The controversy is between the representatives of the estates of such deceased legatees and the residuary legatees. If their interests vested at the death of the testator, the legacies fall into their several estates, but into the residuary state if their interests were contingent.

[1] At the death of the testator there were persons in being who would have an immediate right to the possession of the legacies upon the ceasing of the intermediate or precedent estate. Neither the persons to whom nor the event upon which they were limited to take effect remained uncertain, for the death of the widow was an event certain to happen. By express provision of statute the legacies were vested, and not contingent. 1 R. S. 723, § 13, now section 40, Real Property Law, which provision applies to personal property; 1 R. S. 773, § 2, now section 11, Personal Property Law.

[2] Counsel invoke the general rule that:

"Where the only words of a gift are found in the direction to divide or pay at a future time, the gift is future, not immediate; contingent, and not vested." Matter of Crane, 164 N. Y. 71, 58 N. E. 47.

But to this rule there is the equally well established exception that:

"Even though there be no other gift in the will than that contained in a direction to pay or distribute in the future, yet if such payment or distribution appear to be postponed for the convenience of the estate only (as to let in some intermediate estate), the ulterior legatees will take a vested interest at the death of the testator." Matter of Embree, 9 App. Div. 602, 41 N. Y. Supp. 737, affirmed 154 N. Y. 778, 49 N. E. 1096, on opinion below; Packham v. Gregory, 4 Hare, 396.

That payment was postponed merely to let in the life estate of the widow is made clear by the separate express provision that these legatees should take immediately upon the testator's death in case his wife did not survive him. He intended that they should have the legacies in any event. Hence the rule is applicable, and under it the same conclusion is reached, that the legacies vested at the death of the testator.

[3] Notwithstanding the ingenious, and withal forcible, argument of counsel for the trustee, I am unable to agree with him that a con-

trary intent may fairly be drawn from the language of the will itself. If that were so, of course such intent would be controlling.    But I think the will itself shows that the legacies were intended as gifts. To the general rule of construction before mentioned there is a second exception to the effect, as stated by Chief Judge Parker in Matter of Crane, 164 N. Y. 71, 58 N. E. 47, that "where there are words importing a gift, in addition to the direction to executors or trustees to pay over, divide, or distribute, in such a case the general rule of construction does not govern, because the language employed, outside of the direction to divide or distribute, imports a gift, and therefore the situation is precisely as if the will contained words of gift," or, in other words, the interest vests upon the testator's death.

To determine whether the will falls within this second exception also a critical examination of it in all its parts is necessary.    The legacy to James Jarrett in the fourth "item" of the schedule of legatees is provided for in identically the same language as that in which the other legacies in question are provided for; that is, by a direction to dispose of, pay over and distribute to the legatee upon the death of the widow.   Yet in the codicil, which is dated two years later than the date of the will proper, the testator specifically calls this legacy a "gift and bequest."   He says:

"I hereby revoke and cancel the gift and bequest of one thousand dollars to James Jarrett."

If that legacy was intended as a gift and bequest, it follows that the other legacies were so intended.    The same paragraph of the codicil continues:

"And I hereby give and bequeath and direct my executors to pay said sum of one thousand dollars to my wife, if she be living at my death."

The next paragraph of the codicil provides that, in case any of the "gifts, bequests or devises" of his *will* or *codicil* "shall for any reason lapse or fail to take effect," they are to go to the residuary legatees.

It is argued that the testator in using this language must have had in mind the possibility of the lapsing or failing of the legacies through the death of legatees after his own death and during the life of the widow.   It seems to me, however, that this provision of the codicil, if, indeed, it refers to the legacies at all, was intended to cover the possibility of the lapsing of the legacies through the death of the legatees before his own death.   In the codicil the testator makes one bequest, and one only, outside of the clause in question.   He gives the legacy of James Jarrett, which is revoked by the same codicil, to his wife *if she be living at his death.*   In the next paragraph he makes the express provision, in the language in question, for the disposition of this legacy in case his wife *be not living at his death.*   This, then, is one case of lapse occasioned by the death of a legatee before the testator's death, to which that language applies.   Further, the testator plainly had in mind some gift, bequest, or devise made by the will proper, as well as the one made by the codicil.   It is found in the second paragraph of the will, wherein he makes such bequest to his wife *if she be living.*   Here, again, is absence of express provision for the

disposition of this bequest in case his wife did not survive him. The applicability of the language of the codicil to cover this contingency, which is exactly similar to that attaching to the only bequest made by the codicil, is obvious. Yet this case, too, is one wherein the testator's provision was not for lapsing of a legacy between his own death and that of his wife, but for such lapsing through death of a legatee before his own death.

Since it is thus clear that in respect of these two bequests at least he had in mind the possibility of the death of the legatee before himself only, there is no need to further extend the application of the provision; but, even assuming that the language of the codicil as to the lapsed legacies is broad enough to cover all the other legacies in the will, it seems a fair construction to hold that as to those others the intention of the testator in inserting the provision for lapsed bequests in the codicil was to provide for the contingencies of deaths before his own decease, and not of subsequent deaths during the life of the widow. It is to be noted, if the provision is to be taken as applying to the legacies, that in it they are characterized as "gifts" or "bequests" or "devises." That different language was used in disposing of the residuary estate from that employed in providing for the legacies in question is not of controlling importance. The residuary estate might, and probably would, under the terms of the will, consist of real as well as personal property, and in making final disposition of it what is more natural than that the draughtsman of the will should drop into the language and employ the terminology of the conveyancer? A gift of personal property requires no such language to become absolute. Indeed, words of survivorship are a limitation upon such a gift. When the testator provides in the codicil for the falling of lapsed legacies into the residuary estate, he again naturally employs similar language to that employed in the will proper when disposing of his residuary estate.

I conclude, therefore, that the second as well as the first exception to the general rule applies, and that under both the legacies vested on the death of the testator. I have carefully examined the cases cited by counsel in opposition to this view, and find all of them distinguishable, either because the membership of the class of beneficiaries could not be determined until the death of the life beneficiary, as in Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184, Smith v. Edwards, 88 N. Y. 92, Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709, and Matter of Hogarty, 62 App. Div. 79, 70 N. Y. Supp. 839, or because the legacy was contingent upon survivorship, as in Brooklyn Trust Co. v. Phillips, 134 App. Div. 697, 119 N. Y. Supp. 401, Delaney v. McCormack et al., 88 N. Y. 183, and Hess v. Zahn, 57 Misc. Rep. 515, 107 N. Y. Supp. 951, or because the language of the will itself sufficiently expressed the intention of the testator, as in Shipman v. Rollins, 98 N. Y. 311, Herzog v. Title Guar. & Trust Co., 177 N. Y. 97, 69 N. E. 283, 67 L. R. A. 146, Goebel v. Wolf, 113 N. Y. 411, 21 N. E. 388, 10 Am. St. Rep. 464, Warner v. Durant, 76 N. Y. 133, and Everitt v. Everitt, 29 N. Y. 67.

Judgment will be granted in accordance with these views.