In the Matter of the Application of GEORGE P. NORTHROP, as Sole Surviving Testamentary Trustee, under the Last Will and Testament of HENRY C. NORTHRIP, for a Construction of the Last Will and Testament of HENRY C. NORTHRIP, Deceased.*

PIERRE A. NORTHRUP, DOROTHY NORTHRIP BRUNDAGE, NELLIE NORTHRUP CHAMBERLIN and VIDA NORTHRIP CARR, Appellants; GEORGE P. NORTHROP, as Trustee, etc., of HENRY C. NORTHRIP, Deceased, and MELVIN HENRY NORTHRIP, WINIFRED PEARL NORTHRIP and HENRY CLAY NORTHRIP, JR., Respondents.

Second Department, November 20, 1939.

*Arthur O. Maharay, Jr.,* for the appellants.

*George B. Overhiser,* for the respondents.

HAGARTY, J. The question presented involves the construction of the will of Henry C. Northrip, deceased, particularly the disposition of a trust fund upon the termination of the life estate.

The testator, by the third paragraph of his will, created a trust for the benefit of his son, Herbert R. Northrip, during his life, and provided that, upon the latter's death, " I give and bequeath the

---

* Revg. 168 Misc. 542.

principal thereof, together with any accumulated interest thereon, unto Henry C. Northrip and Pearl Northrip, two of the children of said Herbert R. Northrip, or unto the survivor of them; and I direct that the same shall not be paid to them until they, or the survivor of them, shall arrive at the age of twenty-one years. In case the said Henry C. Northrip and Pearl Northrip shall both die before attaining the age of twenty-one years, then and in that event and upon the death of my said son Herbert R. Northrip, I direct that the principal of said trust fund shall be added to my residuary estate."

The testator died on the 11th day of March, 1916, and was survived by his son, the life beneficiary, who died on the 14th day of May, 1938. The remaindermen, however, predeceased the testator. Henry C. Northrip, the grandson, died on the 9th day of April, 1914, leaving him surviving three children, the respondents here. Pearl D. Northrip died on the 24th day of January, 1916, unmarried. The fund is now claimed by the children of Henry C. Northrip, on the one side, and the residuary legatees named in the will, on the other.

The learned surrogate was of opinion that section 29 of the Decedent Estate Law was applicable and, accordingly, construed the pertinent provision of the will as vesting the remainder in the respondents as beneficiaries substituted by law for their deceased father. I am constrained to disagree.

Upon termination of the life estate, the testator provided that the remainder go to his grandchildren " or unto the survivor of them." In order to take, therefore, the grandchild Henry C. Northrip had to survive. The rule of general application is that survival refers to the survival of the testator. (*Moore* v. *Lyons*, 25 Wend. 119; *Connelly* v. *O'Brien*, 166 N. Y. 406, 408, 409; *Matter of Banker*, 223 App. Div. 496; affd., 248 N. Y. 596.) The fact is that this grandchild predeceased not only the testator and the life tenant, but also his sister, Pearl Northrip, who also predeceased the testator. Section 29 of the Decedent Estate Law may not be invoked to substitute the children of Henry C. Northrip in view of the intention of the testator that the remainder should fall if the contingency of survivorship was not fulfilled. (*Matter of Neydorff*, 193 App. Div. 531.)

While the subsequent provision in the same paragraph that the corpus be added to the residuary estate in the event that the grandchildren should both die before attaining the age of twenty-one years is ineffectual because they did attain their majority, it is evidence of the intention of the testator that the corpus pass as residue and, in accordance with the well-settled rule, it must be deemed the intention of the testator that the lapsed remainder

should so pass under the residuary clause. (*Matter of Benson,* 96 N. Y. 499, 509, 510; *Langley* v. *Westchester Trust Co.,* 180 id. 326, 329, 330; *Albany Hospital* v. *Albany Guardian Society,* 214 id. 435; *Matter of Sinnott,* 163 App. Div. 817; affd., 214 N. Y. 667; *Matter of Barrett,* 132 App. Div. 134.)

The decree construing the "Third" paragraph of the will and the "Second" paragraph of a codicil thereto should be reversed on the law, with costs to all parties, payable out of the estate, and the matter remitted to the Surrogate's Court for the making of a new decree providing that the trust fund pass under the residuary clause in accordance with the foregoing views.

LAZANSKY, P. J., and CLOSE, J., concur; JOHNSTON, J., with whom TAYLOR, J., concurs, dissents in opinion and votes to affirm the decree.

JOHNSTON, J. (dissenting). I dissent. Paragraph "Third" of the will, reaffirmed in the codicil with minor changes which do not affect the determination of the question now presented, reads as follows:

" *Third.* I direct my executor and executrix, hereinafter named, to invest at interest the sum of Two Thousand Dollars, and I give and bequeath the interest or income to be derived therefrom unto my son Herbert R. Northrip for and during the term of his natural life; and at and upon his death, I give and bequeath the principal thereof, together with any accumulated interest thereon, unto Henry C. Northrip and Pearl Northrip, two of the children of said Herbert R. Northrip, or unto the survivor of them; and I direct that the same shall not be paid to them until they, or the survivor of them, shall arrive at the age of twenty-one years. In case the said Henry C. Northrip and Pearl Northrip shall both die before attaining the age of twenty-one years, then and in that event and upon the death of my said son Herbert R. Northrip, I direct that the principal of said trust fund shall be added to my residuary estate."

The will was executed on December 5, 1910. On March 11, 1916, the testator died, leaving him surviving four children, including Herbert R. Northrip, the life tenant. On May 14, 1938, Herbert R. Northrip died. He had two children, Henry C., a son who died April 9, 1914, and Pearl D., a daughter who died January 24, 1916. Therefore, the remaindermen, both of whom had attained the age of twenty-one years, died prior to the testator — their grandfather — and prior to the life tenant — their father. Henry C. Northrip left surviving three children, the respondents herein — great grandchildren of the testator. Pearl D. Northrip left no issue.

The sole question to determine is: Should the $2,000 fund be paid to respondents or does it pass to the residuary legatees?

Section 29 of the Decedent Estate Law provides: " Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate."

In *Matter of Neydorff* (193 App. Div. 531, 533) the court, speaking of this statute, said: " This clearly was not intended as a limitation upon the right of a testator to give his property to whomsoever he might choose; it was merely intended to vest the property of the testator at his death in the children of those who had been made the beneficiaries of a will, where no other provision was made. It was assumed that in making a gift to a parent the testator contemplated the benefit of such parent's children, in the absence of a contrary purpose being expressed, and the common law was modified to this extent in the case of gifts to the descendants of the testator or to his brothers and sisters. In other words, where the testator was providing for his immediate family — his brothers and sisters or his descendants — the Legislature presumed, in the absence of other provision, that the testator intended the gift to remain in the family of the brother or sister or his own descendants, and to this extent only is the common law limited. (*Matter of Wells*, 113 N. Y. 396.) "

I cannot find in the will any expressed intention of the testator to exclude the children of Henry C. Northrip — one of the remaindermen — from sharing in the estate. In the absence of an expressed purpose to the contrary we must assume the testator contemplated that Henry's children should take the gift provided for their father. It is urged that as the testator directed that upon the death of the life tenant the fund was to be paid to Henry C. Northrip and Pearl D. Northrip or " unto the survivor of them," and as Henry predeceased Pearl, his interest vested in Pearl, and, since she died without issue, the legacy lapsed. I think not. In my opinion the death of Henry and Pearl prior to the death of the testator " annulled the provision for substitution in the contingency which the testatrix [testator] foresaw in the preparation of her [his] will." (*Matter of Doorley*, 137 Misc. 663, 664.) The testator having made no provision in the event that both remaindermen died before he did, the legacy would lapse, were it not for the statute. As Pearl died without issue, and Henry died leaving three children — the respondents — the legacy to Henry, who died during the lifetime of the

testator but after he attained his majority, did not lapse but vested in his surviving children. (Dec. Est. Law, § 29.)

*Brooklyn Trust Co.* v. *Phillips* (134 App. Div. 697), relied upon by appellants, is readily distinguished. There the testator devised and bequeathed $10,000 to his executors, who were to invest it and pay the interest thereon to one Margaret Phillips, who was to receive the interest during her life, and " after her decease, then upon trust to pay and divide " the $10,000 " equally among her two children, to wit: Edward M. Phillips and Daniel M. Phillips, if they or either of them shall have arrived or when either of them shall arrive at the age of twenty-one years, and if at the death of their said mother only one of the said children should be living and he has arrived at that age, and if not then when he has arrived at that age, the whole of the said sum of ten thousand dollars and any interest thereon that may not have been expended shall be paid to such surviving child to and for his own use and benefit. And in the meantime and until both or either of the said children shall arrive at that age the interest on the said last-mentioned sum shall be applied to their or either of their support, clothing, maintenance and education, as it may be required, and as the event may happen. * * * And as to all the rest, residue and remainder of the proceeds of my said real and personal estate, I give, devise and bequeath the same unto the three daughters of the said Catherine Ann Mayo Tracey, to wit, the said Sarah Tracey, Frances Tracey and Emma Tracey, to and for their own absolute use and benefit forever, the same to be divided among them in equal shares and proportions."

This court held that the remainders of the children of the life beneficiary were contingent and upon the death of the contingent remaindermen during the life of the life beneficiary, their interest lapsed and passed into the residuary estate and where, as in the *Phillips* case (*supra*), a future estate is not given directly to a person named, but indirectly, through the exercise of powers conferred upon trustees, the gift is contingent upon survivorship at the time of distribution.

The distinction between the *Phillips* case (*supra*) and the instant case is clear. There the sum was not given directly to a person named, but through the exercise of powers conferred upon the trustees; whereas in the instant case it was given directly to Henry C. Northrip and Pearl D. Northrip. There is another and equally important distinction, which the court was at pains to point out. In the *Phillips* case (*supra*) " Neither Mrs. Phillips, her children nor the residuary legatees " were relatives of the deceased. In the instant case Henry C. Northrip was a relative and the respondents are descendants of the testator, and hence the statute protects

them, for it expressly provides that under those circumstances the " devise or legacy shall not lapse."

Assuming, as we must, that the testator was cognizant of the statute, I believe his intention is clear and that he intended the respondents were to take under the facts as they existed at the time of his death. The only contingency on the happening of which he intended the legacy to become part of his residuary estate was: " In case the said Henry C. Northrip and Pearl Northrip shall both die before attaining the age of twenty-one years, then and in that event and upon the death of my said son Herbert R. Northrip, I direct that the principal of said trust fund shall be added to my residuary estate." That contingency never arose because both Henry and Pearl lived to be over twenty-one years of age.

The decree should be affirmed.

TAYLOR, J., concurs with JOHNSTON, J.

Decree of the Surrogate's Court of Orange county reversed on the law, with costs to all parties, payable out of the estate, and matter remitted to said Surrogate's Court with instructions to enter a decree providing that the trust fund pass under the residuary clause of the will.