ELSIE VAN VRANKEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92788.   Promulgated November 24, 1939.

*Lee McCanliss, Esq.*, for the petitioner.
*Allen T. Akin, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The question before the Board is whether the basis for determining gain or loss on sale of stocks which petitioner received by bequest of her father must be determined by their value at the time of his death or by their value at the time of distribution, after the death of her mother and the extinction of her life interest. Petitioner contends that until the death of her mother her interest was contingent and, hence, she did not acquire the property until that time. Respondent argues that petitioner had a vested interest in the property and acquired the stocks at the testator's decease.

The basis of the property must be determined under the Revenue Act of 1934, since that was the act in effect at the time the sale was made. *Elizabeth P. Patterson*, 33 B. T. A. 57. The pertinent section of the 1934 Act provides:

SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(5) PROPERTY TRANSMITTED AT DEATH.—If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. \* \* \*

\* \* \*

This above provision is similar to section 202 (a) (3) of the Revenue Act of 1921[1] and section 204 (a) (5) of the Revenue Acts of 1924 and 1926.[2]

The basis of the stocks sold by petitioner in 1935 must, therefore, be determined by their value at the time of acquisition. The rule has been established by cases construing section 202 (a) (3) of the Revenue Act of 1921 and section 204 (a) (5) of the Revenue Acts of 1924 and 1926, that, where a remainder interest vests upon death of a testator, the date of death is the date of acquisition by the remainderman. *Brewster* v. *Gage*, 280 U. S. 327; *Warner* v. *Commissioner*, 72 Fed. (2d) 225; certiorari denied, 293 U. S. 620; *Roebling* v. *Commissioner*, 78 Fed. (2d) 444; *Pringle* v. *Commissioner*, 64 Fed. (2d) 863; certiorari denied, 290 U. S. 656; *Lane* v. *Corwin*, 63 Fed. (2d) 767; certiorari denied, 290 U. S. 644; *Harry C. Kayser*, 27 B. T. A. 816.

The law of New York controls as to the question of whether the interest of petitioner was vested or contingent. *Freuler* v. *Helvering*, 291 U. S. 35; *Blair* v. *Commissioner*, 300 U. S. 5. See *Erie Railroad Co.* v. *Tompkins*, 304 U. S. 64.

The New York statutes define vested and contingent remainders:

A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain. (N. Y. Stat. ch. 50, Sec. 40, Book 49, McKinney's Consolidated Laws, page 61.)

Under the statutes of New York, limitations of future or contingent interests in personal property are subject to the rules prescribed in respect to future estates in real property. N. Y. Stat., ch. 41, sec. 11; Book 40, McKinney's Consolidated Laws, art. 2, sec. 11. Moreover,

---

[1] BASIS FOR DETERMINING GAIN OR LOSS.

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

\*      \*      \*      \*      \*      \*      \*

(3) In the case of such property, acquired by bequest, devise, or inheritance, the basis shall be the fair market price or value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402.

[2] BASIS FOR DETERMINING GAIN OR LOSS, DEPLETION, AND DEPRECIATION.

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*      \*      \*      \*      \*      \*      \*

(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402 of the Revenue Act of 1921, or in subdivision (c) or (f) of section 302 of the Revenue Act of 1924, or in subdivision (c) or (f) of section 302 of this Act.

the decided cases in New York make no distinction between future interests in personal property and future interests in real property. *In re Ryder*, 89 N. Y. S. 460; *Brooklyn Trust Co.* v. *Phillips*, 134 App. Div. 697; affd., without opinion, 201 N. Y. 561; *Vanderpoel* v. *Burke*, 118 N. Y. S. 548.

The Court of Appeals of New York, in *Moore* v. *Litell*, 41 N. Y. 66, prescribed a test as to the vesting of remainders which has become a settled rule of construction in New York. The court stated:

If you can point to a man, woman or child, who, if the life estate should now cease, would *eo instanti et ipso facto*, have an immediate right to possession, then the remainder is vested.

See *Harry C. Kayser*, *supra*, and New York cases there cited.

If the above test be applied, we find that petitioner was an ascertained person in being at her father's death and would have been entitled to an immediate right of possession if her mother, the owner of the immediately preceding estate, were to die at that instant. Under the New York law, petitioner's interest was fixed at her father's death. The fact that a vested interest is subject to be divested does not make the interest contingent. *Warner* v. *Commissioner*, *supra*.

The petitioner argues that the New York courts have construed petitioner's interest to be contingent, citing various decisions, all clearly distinguishable on their facts. This contention is also based upon the fact that, in assessing a state transfer tax on the estate of petitioner's father, the surrogate recognized the possibility that petitioner might not survive her mother. A minimum and a maximum transfer tax were assessed for the reason that the remainder might pass to further removed beneficiaries, upon which transfer a higher rate of tax would ensue. The surrogate did not decide that petitioner's interest was contingent. As a matter of fact, the Surrogate's Court, in its decree assessing and fixing the transfer tax, characterized petitioner's interest as a "remainder * * * now vested * * * subject to be divested by her death before the death of the life tenant." If authority were to be attributed to this order here, it would appear to be conclusive against petitioner's contention. We do not rest our decision on such order, however, as the surrogate had not been called to rule on a contested will and did not purport so to do.

In accordance with the principles discussed above, we hold that petitioner's interest was vested at her father's death; that the stocks were then acquired; and that the basis for gain or loss on the stocks in question must be determined as of that date.

*Decision will be entered under Rule 50.*