to. The sole issue of fact to be disposed of upon the trial, therefore, was whether or not a sale of this coffee was prohibited by this provision of the public health law, and that depended entirely upon whether or not the defendants were able to prove that this coffee "was colored or coated or polished or powdered, whereby damage was concealed, or it was made to appear better than it really was, or of greater value." Upon that question, even assuming that the defendants had proved facts sufficient to justify a submission of the question to the jury, the evidence before referred to offered by the plaintiffs in rebuttal was clearly competent.

For the reasons above indicated, I think the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.

---

### In re HAFNER et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

WILLS—CONSTRUCTION—LEGACY—FAILURE TO VEST—DISPOSITION.

> Testator directed his executors to hold his estate in trust during his daughter's lifetime, and to pay sums annually from the income to certain beneficiaries, including a granddaughter, the residue to be applied on incumbrances, and when all incumbrances were discharged the income should be divided into three parts, one to be paid to such granddaughter. The granddaughter died before testator, leaving a son living at his death. *Held,* that the gift to the granddaughter until all incumbrances were discharged constituted a legacy, which, failing to vest in the granddaughter, passed to her son, under 2 Rev. St. p. 66, § 52, providing that when testator's descendant, to whom he has devised an estate, shall die during his lifetime, leaving a child surviving the testator, the devise shall not lapse, but the property shall vest in the surviving child, as if such devisee had survived testator and died intestate.

Appeal from surrogate's court, New York county.

Judicial accounting of Lawrence C. Hafner and another as executors, etc., of the will of Francis McCabe, deceased. From a surrogate's decree directing payment of a legacy to Thomas F. Brandon, administrator, etc., of Loretta Donlon, deceased, the executors and Howard C. Tracy, special guardian of Francis McCabe Brandon, a minor, appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robert A. B. Dayton, for appellant executors.
Howard C. Tracy, for appellant Brandon.
Wolcott G. Lane, for respondent.

PATTERSON, J. On the settlement of an account of the executors of the last will and testament of Francis McCabe, deceased, it became necessary, to enable the surrogate to make a decree, to give construction to certain provisions of the will relating to a legacy or bequest of income to a granddaughter of the testator who died during his lifetime. The testator gave all his property, after the payment of debts and funeral expenses, to his executors in trust during the life

of his daughter Rosanna, to invest his personalty in bonds and mortgages, to lease the realty, to collect the rents, issues, and profits thereof, and to apply the net income as follows: $1,500 annually, in equal quarterly payments, to his daughter Rosanna; $1,000 annually, in equal quarterly payments, to his granddaughter Loretta Donlon; a certain other sum annually to the widow of his deceased son, Eugene, to continue during the whole trust, and as long as she remained unmarried; $1,500 annually for the support and maintenance of three children of his deceased son, Eugene, or so much thereof as might be necessary for their support and education, with the direction to pay the accumulation in equal shares to these grandchildren upon their attaining the age of 21 years; and the rest and residue of the income the testator directed to be applied to the payment and discharge of bonds and mortgages outstanding upon his real estate, until said mortgages shall be fully paid and discharged, to the end that the said real estate should be free, clear, and unincumbered of and from all liens. The provisions with respect to the payment of specific sums from income before mentioned to the daughter Rosanna and the granddaughter Loretta are expressly limited "until the mortgages now liens, or which may be liens, upon my real estate, shall be fully paid and discharged." The testator then provided that, after the liens and incumbrances upon the real property were removed, a different disposition of the income should be made during the continuance of the trust, viz. that income be divided into three parts, one part to be paid to Rosanna, another part to the granddaughter Loretta Donlon, and the remaining third to the three children of the deceased son, with directions as to accumulations during their infancy, and the payment of such accumulation to the infants on their attaining full age. On the termination of the whole trust (that is, on the death of the daughter Rosanna), the testator directed that the whole estate be divided into three parts, as near as may be, and that the executors pay over and allot one of such parts to the then living children of the daughter Rosanna, another part to the children then living of his deceased son, Eugene, and the remaining third part to his granddaughter Loretta; and he then provided:

"If my said granddaughter Loretta Donlon should be deceased at the time of such division, leaving lawful issue, then I give, devise, and bequeath the share herein devised and bequeathed to her to such issue, but, if she die without such issue, then I give and devise one half of such share unto the children of my daughter Rosanna, and the other half thereof I give and devise unto the children of my deceased son, Eugene."

As before stated, Loretta Donlon died during the lifetime of the testator. She was then the wife of Thomas F. Brandon, and left, her surviving, her husband and an infant child. Letters of administration were taken out on her estate, and the husband was appointed administrator. He was cited before the surrogate on the settlement of the executors' accounts. The infant child of Loretta was also represented on the accounting by a duly-appointed special guardian. A question arose on the accounting as to the effect of the death of Loretta during the lifetime of the testator upon the gift made to her in the will of the $1,000 a year, to continue until the payment and

discharge of the mortgages upon the testator's realty above mentioned. The executors of the will claimed that the gift lapsed and failed utterly. The administrator claimed that the gift vested in him as administrator. The special guardian of the infant claimed that the infant was entitled to it absolutely. The surrogate held that the amount belonged to the administrator, and from the decree entered upon his decision the executors and the special guardian appeal.

1. The position taken by the executors is that the provision made for the granddaughter until the payment and discharge of the incumbrances upon the realty is an annuity,—a provision entirely personal to the annuitant; implying that it is to cease at her death, and that, therefore, as it could never take effect, it is a lapsed legacy, not saved by the terms of the statute presently to be referred to. But it is quite obvious from a consideration of the terms of the will that the testator did not intend to grant "annuities" to any of the recipients of the income, in the sense in which that word is ordinarily understood. He was disposing of the entire income of his estate up to a certain period in the administration of the estate. Then he provides for the application of the income until the termination of the trust. In other words, the whole income of the estate is disposed of during the continuance of the trust, as income, and the whole corpus of the estate is disposed of at the termination of the trust, to and among the same persons as those who receive income, with the single exception of the widow of his deceased son, Eugene; but, whether the provision for the granddaughter is to be called an annuity or not, we think it was saved from lapsing by the statute.

2. The claim of the administrator is necessarily based upon the proposition that the share of the income given to the granddaughter until the payment of the incumbrances is assets of her estate for administration, and it has its foundation in what is supposed to have been decided by this court in Montanye v. Montanye, 29 App. Div. 377, 51 N. Y. Supp. 538, and the authorities cited in the opinion of the court in that case. It was there held, in substance, that where an annuity is given to one person during the life of another, or for a period other than the life of the annuitant, such annuity does not lapse on the death of the annuitant before the expiration of the period fixed for its payment, but on such death, after that of the testator, it will pass to the personal representatives of the annuitant. It thus becomes assets of the annuitant's estate for administration, because the annuitant takes and is vested with, and enters upon the enjoyment of, the annuity; but in this case the granddaughter never took, and could not take by any possibility, and, but for the statute hereafter referred to, the gift would undoubtedly have lapsed. There is a broad difference between the two cases. In the Montanye Case the question was limited to the right of the personal representatives of the annuitant or legatee to take that which the annuitant or legatee had. No one else claimed it. In this case the personal representative takes nothing, because the intended legatee or annuitant never had anything, and never could take anything to be transmitted to or received by a personal representative.

3. The infant child of Mrs. Brandon takes the share of the income

in dispute. His right is secured by statute. It is contended on his behalf that it also results from that provision of the will which gives the share in the corpus of the estate to the issue of the granddaughter in case of the death of such granddaughter during the continuance of the trust. But that provision of the will in terms relates only to the corpus of the estate. It is provided in the Revised Statutes (2 Rev. St. p. 66, § 52) that whenever any estate "real or personal shall be devised or bequeathed to a child or other descendant of a testator and such legatee or devisee shall die during the lifetime of the testator leaving a child or other descendant who shall survive said testator, such devise or legacy shall not lapse but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee as if such legatee or devisee had survived the testator and had died intestate." We think it to be the clear purpose of the legislature in enacting this statute to preserve for the benefit of a child or other descendant of a legatee or devisee the testamentary provision made for that legatee or devisee in case of his death during the lifetime of the testator, where such originally named legatee or devisee is a child or other descendant of the testator. The gift to the granddaughter here is a legacy of so much of the net income of the estate until a certain event happens. We cannot regard it in any other light than as a legacy, and one which, by the terms of the statute quoted, vested in her surviving child. That child is substituted by the statute as legatee, and the right vests in him, under the statute. It does so vest as if the granddaughter "had survived the testator and had died intestate." But we do not concur in the view of the learned surrogate that those words of the statute carry the gift to the granddaughter's personal representative. This statute was not intended for the benefit of creditors, but solely for the child or descendant of the deceased legatee, by making that child or descendant the immediate recipient of the testamentary gift directly from the testator. If there had been any other legislative intent, the gift would not have been by express words immediately vested in the substituted recipient, who does not take by or through the original legatee, but immediately from the testator, free from any disposition which the original legatee might have made by will of her estate; that is to say, in the same way as if the original legatee had died intestate. It cannot be inferred that this statute was intended for the benefit of any one other than the child or children of the deceased legatee or devisee, or that the gift should be subjected to the payment of the debts of the original legatee or devisee. As has been suggested, if that were the construction, and the original legatee or devisee left debts sufficient to consume the amount of the gift, those for whose benefit the statute was enacted would receive nothing, and the whole purpose of the statute be defeated. But for the statute the gift would have lapsed. It is preserved to and for the benefit of the child of the testator's granddaughter, and no one else; and so the surrogate should have adjudged.

The decree of the surrogate should be affirmed so far as it adjudges that the gift under consideration did not lapse, but it should be modified so as to adjudge that such gift survived to, and became vested

in, the infant, the only surviving child of the granddaughter, and that the several installments of the gift, with interest, should be paid to a general guardian of said infant, when appointed. The costs of the infant on this appeal to be paid from the estate. All concur.