(34 Misc. Rep. 65.)

HAFNER et al. v. HAFNER et al.

(Supreme Court, Special Term, New York County. February, 1901.)

1. WILLS—ACCUMULATIONS—TRUSTS—VALIDITY.

Testator directed his estate to be held in trust during the life of his daughter, and that the income be disposed of by payment of specified annuities, any remaining income to be devoted to the discharge of mortgages on the estate, and that after the payment of the mortgages the total income should be divided among the annuitants. *Held* that, the provision for payment of the mortgages out of income being void as a direction for an unlawful accumulation, the direction for payment of the annuities fell with it, and the direction for distribution of income after payment of the mortgages took effect at once.

2. SAME—CONSTRUCTION—RES ADJUDICATA.

In a prior accounting by the trustees, in which the right to one of the annuities was adjudicated between different claimants, the validity of the clause directing payment of the mortgages out of income was not attacked nor considered. *Held*, that such adjudication was not binding on the court, as settling the validity of the annuity clause, in an action to construe the will, in which the validity of the mortgage clause and the annuity clause as dependent on it were directly attacked.

3. SAME—CONSTRUCTION—TRUSTS—DEATH OF LEGATEE.

Testator directed his estate to be held in trust during the life of his daughter, the income to be divided into three parts, one of which should

be paid to the daughter, one to a granddaughter, and the other to the children of a deceased son, and the principal, on the termination of the life estate, to be divided between the children of the life tenant, the granddaughter, and the children of the son, with provision that if the granddaughter should be deceased at the time of such division, leaving issue, such issue should take her share, but, if she should die without such issue, her share should pass to the other remainder-men. The grand-daughter died before the testator, leaving an infant son, who survived the testator, but died prior to the termination of the life estate. *Held,* that so much of the income of one-third of the estate as accrued after the death of the infant did not pass to his administrator, but to the owner of the next eventual estate, since the income was made payable by the will to the granddaughter without words of inheritance, and it was only by virtue of the statute that the infant was substituted for her.

**4. SAME.**

The heirs of the child of the granddaughter were not entitled to any share of the principal of the estate, the child having died prior to the ter- mination of the life estate, and the interest of the child not having been a vested remainder.

**5. SAME—ACCUMULATION—VALIDITY.**

Testator directed that his executors hold his property in trust during the life of his daughter, and pay out of the income an annuity of $1,500 to the three children of the deceased son, with directions for the accumu- lation of so much thereof as was not needed for their education till the youngest reached majority, when the accumulation should be divided among them, and they should thereafter receive equal shares. *Held,* that so much of the accumulation as was to endure after the majority of any of the children was void as not within the permission of the statute, and should be treated as the property of the infants as presumptive owners of the annuity after their majority.

**6. SAME—INVALID CLAUSE—EXECUTORS—PAYMENTS.**

Where executors were directed by testator to hold his estate in trust during the life of testator's daughter, and, after paying certain specified annuities, to devote any balance of income to the discharge of mortgages on the estate, which direction for payment of mortgages was void as a direction for an unlawful accumulation, and had made payments on such mortgages for the benefit of the estate, such payments should be allowed to the executors, but should be charged against principal instead of income.

Action by Lawrence C. Hafner and another, as executors, against Rosana C. Hafner and others, for construction of the will of Francis McCabe, deceased.

Robt. A. B. Dayton, for plaintiffs.
Howard C. Tracy, for defendant Brandon.
George F. Warren, Jr., for infant defendants.

BISCHOFF, J. The testator, by his will, created a trust whereby the corpus of the estate was to be held during the lifetime of his daughter, Rosana, and at her death to be distributed by division into three parts,—one to Rosana's children, one to the children of a de- ceased son, Eugene, and one to his granddaughter Loretta Donlon; the will providing, however:

"If my said granddaughter, Loretta Donlon, should be deceased at the time of such division, leaving lawful issue, then I give, devise, and bequeath the share herein devised and bequeathed to her to such issue; but, if she die without such issue, then I give and devise one-half of such share unto the children of my daughter, Rosana, and the other half thereof I give and devise unto the children of my deceased son, Eugene."

Pending the termination of this trust, disposition of the income was to be made primarily in the form of stated annuities, the excess of income to be devoted to the discharge of incumbrances upon the real estate, and after that discharge the income over certain annuities was to be divided into three parts, of which one part was to be paid to Rosana, one to Loretta Donlon, and one to the three grandchildren, the issue of the deceased son, Eugene. Loretta Donlon predeceased the testator, leaving a son, her sole issue, living at the testator's death, but since deceased. By the force of the late decision of Hascall v. King, 162 N. Y. 134, 56 N. E. 515, the provision for the payment from the income of sums sufficient to discharge the incumbrances is unquestionably void, and this action is brought to obtain a construction of the will relative to the disposition of the income, and particularly as to that part of the income which was payable to Loretta Donlon. The second paragraph of the will contains a direction to pay out of the income the sum of $1,000 annually to Loretta Donlon "until the aforesaid mortgages shall be fully paid and discharged," and by the first paragraph an annuity of $1,500, with the same limitation, was made payable to the testator's daughter, Rosana. By the sixth paragraph the distribution of the income was provided for "after the aforesaid bonds and mortgages shall be fully paid and discharged," and the question arises whether the annuities of Loretta and Rosana were subject to any limitation in view of the invalidity of the scheme for the payment of the mortgages, and what that limitation, if any, is to be; or, on the other hand, whether, since the provision for the payment of the mortgages falls, the annuities must fail altogether. The language employed by the testator leaves no doubt that these annuities were to cease when the income was distributed, after the discharge of the mortgages. This is the express limitation, and no other construction is reasonably to be reached; but, since the provision upon which the distribution of the income depended was wholly void, that distribution was to come to pass at once, if at all. Eliminating the void provision for the payment of incumbrances, there is nothing to which this distribution is postponed; and it appears to be conceded at all hands that the scheme of distribution is to be carried out, and does not fail because of its incidental connection with the void provision referred to. This view is in harmony with the authorities, and the result is that the sixth paragraph of the will took immediate effect, but with the taking effect of that paragraph the annuities, which were given only in contemplation of its postponement, must be held to have ceased. When this will was construed in Re Hafner, 45 App. Div. 549, 61 N. Y. Supp. 565, the annuity to Loretta Donlon and the rights of the infant Francis Brandon therein were treated of without reference to the invalidity of the provision for an accumulation now before me, and the assumption being, necessarily, that the will was valid throughout, the conclusion then reached by the court as to the existence of the annuity cannot bear upon the present question. The result is that the annuity of $1,000 can be made the subject of no claim by any party, whether claiming through Loretta Donlon or otherwise, and the rights of the defendant Brandon, as administrator or as heir at law of Francis Brandon (the child of Loretta, deceased), de-

pend upon the construction of the sixth paragraph, relating to the distribution of the income. The direction of this paragraph is that the executors pay one-third of the income to Loretta Donlon, and upon her death prior to the death of the testator it resulted that the payment was to be made to her surviving child, Francis, as though he had been named in the will in her stead (In re Hafner, supra), and therefore the defendant Brandon, as administrator, is entitled to so much of one-third the income, under the general provision for distribution, as accrued during the infant's life. As to the rest of this one-third share, however, the will cannot be construed as giving any interest to this defendant either as administrator or as heir at law of the child, for at best the provisions for the distribution are to be taken as upon a substitution of Francis Brandon for Loretta Donlon, and the income is payable to the beneficiary without any words which would show an intent that upon his death the right should survive to any one claiming under him. A distinction appears to exist between such such a case and one where a specific sum is made payable for a certain period by way of an annuity. In the latter instance, upon the death of the annuitant, his personal representative may take (Montanye v. Montanye, 29 App. Div. 379, 51 N. Y. Supp. 538), but in the case of the distribution of a trust income, such as this, in the absence of the expression of a contrary intent, the interest of a beneficiary in that income ceases at his death, and belongs to the presumptive owners of the next eventual estate (Manice v. Manice, 43 N. Y. 303, 386). I have no doubt that the child of Loretta Donlon was excluded from an interest in the principal of the estate (the next eventual estate) unless living at the time when the trust terminated. The will clearly intends that the shares in the division upon the death of Rosana shall be determined according to the situation as it shall exist at that time with regard to the presence or absence of children of Loretta Donlon. There was no present vesting of an estate in remainder, and nothing to pass to the heir at law of her child, whose death antedated the event upon which the division depended.

The remaining question of construction is raised by the guardian of the infants (children of Eugene) for whose benefit an annuity of $1,500 was provided under directions for the accumulation of so much thereof as was not needed for their education until the youngest should reach his majority, at which time the surplus was to be divided among all, and the annuity thereafter paid to each in equal shares. This accumulation was in excess of the permission of the statute so far as it was to endure during the majority of any of the beneficiaries (Hascall v. King, supra), and so much of the fund as was thus accumulated should be treated as the property of the infants, who, as the presumptive owners of the next eventual estate (that is, in the annuity itself after their majority), are the persons to whom the accumulation thus theoretically undisposed of should belong. Manice v. Manice, 43 N. Y. 384, 385. To the extent that payments have been made by the executors for the benefit of the estate in accordance with the provision for the satisfaction of incumbrances, such payments should be allowed, so far as any personal liability of the executors is concerned; but, for the purposes of the proper ascertainment of the

distributable income, payments made from the income under this invalid direction should be made instead a charge against the principal account and the income account so far corrected. Decree may be presented, together with form of decision, on five days' notice of settlement.

Ordered accordingly.