In the Matter of the Judicial Settlement of the Account of Pro-
ceedings of CHARLES LUTZ, JR., FREDERICK LUTZ and AMELIA
LEINING, as Executors of the Estate of AMELIA LUTZ, Sometimes
Called EMELIA LUTZ, Deceased.

Surrogate's Court, Bronx County, January, 1924.

Wills — construction — when children deemed to take an equal share in
mother's estate — when subsequent provision of will may not be given
effect of limiting gifts to children — interpretation of words "after my
decease"— when share of estate became vested in decedent's daughter.

The will of testatrix, who died leaving her surviving six children, all then of full
age, devised to them all of her real estate share and share alike, as directed in
a certain paragraph of her will, with directions to the executors as follows:

1. To divide all cash in banks and all of her jewelry, silverware, household
furniture, etc., among her children, share and share alike.

2. To sell all mortgages, turn the same into cash and divide the proceeds among
her children, share and share alike.

3. To sell her real estate and to divide the net proceeds of such sales among her
children share and share alike, and pending the sale to divide the net income
thereof among them share and share alike.

The will provided that if any of her children were under twenty-one years of age,
the share of such child was to be held by the executors in trust, the income
thereof to be used for the support, maintenance and education of such child until
it reached its majority, when the principal was to be turned over to him or her.
*Held*, that each of said children took an equal share in the estate of their mother
unless it was limited or cut down by paragraph 6 of the will, which reads as

Misc. 336]        Surrogate's Court, Bronx County, January, 1924.

follows: " In the event of the death of any of my children either before or after my decease leaving issue surviving, it is my wish and Will and I do hereby so direct that such issue of such deceased child shall receive share and share alike, the share or interest in my estate which such deceased child would have had or received under any of the terms or provisions of this my Will if living."

*Held,* further, that the language of said paragraph 6 being not so clear as those creating the gifts to said children, it will not be given the effect of limiting or cutting down said gifts.

A contention that the testatrix meant the issue of any children dying after her death but before the actual distribution of the estate, was untenable, as in that case the executors by expediting or delaying payment, or the sale of the property of testatrix and an accounting, might give or deprive a child of decedent of a part or the whole of the share in the estate it might otherwise obtain. Such was not the intent of the testatrix.

*Bowditch* v. *Ayrault,* 138 N. Y. 222, distinguished.

Effect may be given to the words " after my decease " if read to apply to the shares of such of the children of testatrix as might be minors at the time she died.

The share in the estate, of a daughter who died after her mother, became vested in said daughter and did not pass directly from the testatrix herein to the issue of said deceased daughter.

PROCEEDINGS for construction of a will.

*Julius Krause,* for executors.

*Joseph & Zeamans,* for Harold I. Cook.

*Joseph F. Condon,* special guardian.

SCHULZ, S.    A construction of the last will and testament of the testatrix is made necessary by the language of paragraph 6 of her will which is as follows:  " In the event of the death of any of my children either before or after my decease leaving issue surviving, it is my wish and Will and I do hereby so direct that such issue of such deceased child shall receive share and share alike, the share or interest in my estate which such deceased child would have had or received under any of the terms or provisions of this my Will if living."

The testatrix died leaving her surviving six children all of whom were of full age.   One of these children, a daughter, died after her death, and her husband and one minor child survive such decedent. Before her death a part of the estate had been distributed to her.

The surviving children of the testatrix and the special guardian of the child of her deceased daughter contend that under paragraph 6 of the will the balance of the share which such deceased daughter would have been entitled to is distributable to the latter's issue, whereas the husband of such daughter, who is also the administrator of her estate, urges that his wife's share vested in her before her death and should go to her estate.

22

To facilitate the construction of wills, courts have generally followed certain well-settled rules which, so far as they apply to the document now under consideration, may be briefly stated as follows:

The testatrix's intention is to be ascertained by an examination and consideration of the whole will taken together and not from detached portions thereof standing alone. *Matter of Buechner*, 226 N. Y. 440, 444; *Chew* v. *Sheldon*, 214 id. 344, 350; *Matter of Title Guarantee & Trust Co.*, 195 id. 339; *Haug* v. *Schumacher*, 166 id. 506, 513. An absolute estate created by the earlier provisions in the will in clear and decisive terms cannot be taken away or cut down to a lesser estate or interest by subsequent words which are not as clear and decisive. *Herzog* v. *Title Guarantee & Trust Co. of New York*, 177 N. Y. 86, 93; *Banzer* v. *Banzer*, 156 id. 429; *Goodwin* v. *Codington*, 154 id. 283. A will speaks as of the time of the death of the testator unless its language by a fair construction fixes some other time. *Matter of Bump*, 234 N. Y. 60; *Nelson* v. *Russell*, 135 id. 137; *Canfield* v. *Fallon*, 43 App. Div. 561. The intent of the testatrix, when once it is ascertained, must be given effect, even though the ordinary rules of construction would lead to a contrary result. *Matter of Bump, supra; Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573; *Hadcox* v. *Cody*, 213 id. 570, 573; *Cammann* v. *Bailey*, 210 id. 19, 30.

Examining the whole will of the testatrix in the light of these rules, we find that she disposed of her property in various paragraphs, as follows: *First*, she gave all of her real estate to her children, share and share alike " as directed in paragraph fifth " of her will. *Second*, she directed her executors to divide all cash in banks among her children, share and share alike. *Third*, she directed her executors to divide all of her jewelry, silverware, household furniture, etc., among her children, share and share alike. *Fourth*, she directed her executors to sell all mortgages, turn the same into cash and divide the proceeds among her children, share and share alike. *Fifth*, she directed her executors to sell her real estate and to divide the net proceeds of such sales among her children, share and share alike, and pending the sale to divide the net income thereof among her children, share and share alike. *Seventh*, she provided that if any of her children were under twenty-one years of age, the share of such child was to be held by the executors in trust, the income thereof to be used for the support, maintenance and education of such child until it was twenty-one years of age, when the principal was to be turned over to such child.

It is evident that she gave each of her children an equal share in her property, unless the provisions of paragraph 6 limit or cut down the same. No limitation is effected by the provisions of that

Misc. 336]        Surrogate's Court, Bronx County, January, 1924.

paragraph to the effect that on the death of any of her children, *before her decease* leaving issue surviving, such issue is to receive the parent's share because this would follow under the statute. Decedent Estate Law, § 29; Laws of 1909, chap. 18; Consol. Laws, chap. 13; *Matter of Hafner,* 45 App. Div. 549, 553.   Hence if there is any limitation it must be effectuated by the phrase " or after my decease."

If these words were given their full effect, then the absolute gifts made by paragraphs 1 to 5 inclusive, in explicit, plain and clear terms would be nullified, because all of her children would die either *before or after her decease,* and hence would not receive any part of her estate.   Again, the language of the paragraph itself is confusing and contradictory for, at the end, we find the provision that the issue of a deceased child shall receive the share or interest that such child would have received, if living, when, under the earlier language of the same paragraph, none of the children would get anything.   According to the rule referred to, when the testatrix used the words " if living," she meant if living at the time when the will spoke, that is, at the time of her death.

The language of paragraph 6 is not as clear as those creating the gifts, and hence it should not be given the effect of limiting or cutting them down.

The contention that the decedent meant the issue of any children dying after her death but before actual distribution of the estate, does not appear tenable to me.   In that case the executors by expediting or delaying payment, or the sale of the property of the decedent and an accounting, might give or deprive a child of the decedent of a part or the whole of the share in the estate it might otherwise obtain.   Such I do not believe was the intent of the testatrix.

The case of *Bowditch* v. *Ayrault,* 138 N. Y. 222, which is drawn to my attention as authority for such construction, is readily distinguishable from the matter now under consideration.   In that case the decedent had specifically provided that his property was to be distributed among the children of his brothers and sisters named who were living at the time of his death, " and to the descendants of such of said children as may be deceased when said estate or any part thereof *is distributed;*   *   *   *   all the children of each deceased person to receive collectively the portion to which their parent would, if living *at such distribution,* be entitled under this provision."

It seems clear to me that it was the intent of the decedent to divide her property equally among all of her children and to give them the possession and enjoyment thereof at the time of her

death, except where a child was under the age of twenty-one years, in which event she wished the property held in trust for such child as heretofore stated.

We should, of course, give some effect to the words "*after my decease*" heretofore referred to, if possible. As was said in *Matter of Buechner, supra:* "Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. Excision is a 'desperate remedy.' (*Adams* v. *Massey*, 184 N. Y. 62, 69.) It is 'only a last resort, to be availed of when all efforts to reconcile the inconsistency by construction have failed.' (*Van Nostrand* v. *Moore*, 52 N. Y. 12, 20.)" Effect can be given to them if we read them to apply to the shares of such of the children as might be minors at the time she died. In other words, if any of the children had not received their shares at the time of her death by reason of infancy and had died before they attained the age of twenty-one years and the trust for their benefit ended, and left issue them surviving, such issue were to receive the parent's share.

I, therefore, reach the conclusion that such is the construction that should be given to this will. By it all the rules to which I have referred are followed, all of the language of the will is given effect, and in my opinion the intention of this testatrix is carried out. As the deceased daughter of the testatrix was over the age of twenty-one years at the time of the death of the testatrix, her share became vested in her and does not pass directly from the testatrix to the issue of such deceased daughter. Settle decision and decree accordingly.

Decreed accordingly. _____