In the Matter of the Estate of DAVID COLEMAN, Deceased.

Surrogate's Court, Richmond County, April 26, 1932.

*Ernest V. Frerichs*, for the petitioner.

SMITH, S. Testator was a country doctor, an educated and intelligent business man, but who, like many others — the law books are full of such cases — did not appreciate the most important document he ever executed, and permitted a layman to prepare for him a sorry and doubtful instrument in which he expressed his testamentary desires in the following words:

" I, David Coleman of Tottenville, Fifth Ward of the Borough and County of Richmond, City and State of New York, being of sound and disposing mind and memory, and considering the uncertainty of this life, do make, publish and declare this to be my last Will and Testament as follows, hereby revoking all other and former Wills by me at any time made.

" *First*, after my lawful debts are paid, I give and bequeath unto my beloved wife, Mary E. Coleman, the proceeds of money derived from the Lodge of American Mechanics, the Richmond County Relief Association, interest on all mortgages, money in bank, house rents, etc., for her own and absolute use.

" *Second*, I hereby direct that all mortgages which may mature and are satisfied by payment of same, shall be reinvested in real property mortgages as soon as possible, and the income derived from such investments to be paid to my widow so long as she remains unmarried, otherwise to my son David F. Coleman and my daughter Bessie Coleman Scull, share and share alike.

" *Third*, I give and devise my real property, wheresoever and whatsoever, to my said beloved wife, to have and to enjoy the same during her natural life.

" *Fourth*, It is my will, and I order and direct that a Trust Fund of Two hundred dollars ($200.00) shall be raised out of my Estate and invested at interest, the income and produce of which Trust Fund, I give unto the Trustees of St. Paul's M. E. Church of Totten-

ville, N. Y., to be used to buy music for the Choir, the said trust fund to be known as the ' Leon Coleman Fund.'

" *Fifth*, After the decease of my said wife, I hereby authorize and empower my executor and executrix hereinafter named, to sell at public or private sale all of my real property, to secure the proceeds of same and to give good and valid deeds or conveyances of any such property sold by them.

" I hereby appoint my beloved daughter, Bessie A. Scull as Executrix and my beloved son David F. Coleman to be Executor of this my Last Will and Testament.

" In witness whereof, I have hereunto subscribed my name and affixed my seal, the nineteenth day of December in the year one thousand nine hundred and thirteen.

" Subscribed by David Coleman the Testator named in the foregoing Will, in the presence of each of us, and at the time of making such subscription, the above instrument was declared by the said Testator to be his last Will and Testament, and each of us, at the request of said Testator and in his presence and in the presence of each other, signed our names as witnesses thereto.

" DAVID COLEMAN, M. D., Residing Tottenville, S. I.
" WILLIAM A. EPPINGER, Residing Tottenville, S. I.
" HAZEL M. EPPINGER, Residing Tottenville, S. I."

In construing a will the question always is, what was the intention of the testator, but as a will is ambulatory, and must be construed as of the time of death, it is not always easy to reconcile what the testator said in his will in relation to the property he owned at that time with what he owned at the time of his death, and especially so if a long interval elapsed between the date of the will and the date of death; and the testator had accumulated other property which could not be claimed to be mentioned in the will except by indefinite words.

In the present matter over seventeen years elapsed between the date of the will and the date of testator's death, and the word " etc." in the first clause is required to be construed to include property acquired after the will was executed and not mentioned therein if the testator is not to die intestate as to such after-acquired property.

From information in relation to the property owned by the testator at the time of his death, it is clear that he had by his will given to his wife all he then owned in the way of insurance moneys and money in bank, and either for life or widowhood the income from all his securities, and all the rents from, and the use of, all of his real estate, and the word " etc." at that time undoubtedly meant

whatever other property he possessed of small value, but to impute a greater meaning to the word at the time of testator's death and include $20,000 in shares of a building loan and savings association, $3,000 in Liberty bonds and seven shares of stock of a national bank, it is necessary to consider that the testator, at the time the will was executed, intended that his widow should have all he then owned, except certain moneys and property of small value given to her absolutely, for life or widowhood, and it must necessarily follow that his intention at that time must be his intention at the time that the will became effective. For when a testator has expressed himself in ambiguous or doubtful language the law will impute to his words such a meaning as, under all the circumstances, will conform to his probable intention and be most agreeable to reason and justice. (*Riker* v. *Gwynne*, 201 N. Y. 143.) And a construction which will include such securities and avoid an intestacy during the life or widowhood of the beneficiary will be favored. (*Williams* v. *Petit*, 138 App. Div. 394; *Haug* v. *Schumacher*, 166 N. Y. 506.)

In a construction of a will, the court may transpose words and phrases and read its provisions in an order different from that in which they appear in the instrument, insert or leave out provisions, if necessary, but only in aid of the testator's intent and purpose. (*Tilden* v. *Green* 130 N. Y. 29.) Consequently the transposition in the first clause of the words " money in bank " to the place preceding the words " interest on all mortgages," and the addition of the words " and other personal property except securities," following the same; and in place of the word " etc." using the words " interest on Liberty Bonds and income from shares of Richmond County Building and Mutual Loan Association, and from stock of Tottenville National Bank," will give to testator's widow the income from all of testator's securities and carry out, what I find to be, testator's intent and purpose.

The reason for finding a gift of the income and not of the principal is that the testator no where in the will evidenced any intention of giving anything but the income on his securities to his widow, and the word " etc." following the bequest of the income from the real estate indicates an intention of a gift of income, and not of principal. Possibly an intestacy of the additional securities might be found, but an intestacy will always be avoided if it is possible to find otherwise.

As to the second clause: The words " such investments " are construed to mean " all investments," in order to carry out testator's intentions as expressed in the first clause. Otherwise, upon

the remarriage of the widow a partial intestacy would occur during her life.

The third clause needs no construction.

The fourth clause I construe to mean that after the death of testator's widow the legacy of $200 be paid to St. Paul's M. E. Church of Tottenville, N. Y., the income from said fund to be used by the trustees of said church for the purpose specified, otherwise the bequest would be void as a perpetuity, but a construction that the bequest was to the church avoids the question of a trust, and it was undoubtedly testator's intention that the church should have the money, and that the income should be used by the trustees (being those persons who have the care and management of the church) for the purpose specified. If the bequest was paid before the death of the widow, she would be deprived of the use of the income therefrom, but the postponement of the payment I find confirms testator's probable intention and is most agreeable to reason and justice.

The said will contains no residuary clause and in the absence of such a clause it has been held that there is a strong resulting presumption that a testator thought that he had made a complete disposition of his entire property by his will, and that such was his intention. (*West* v. *West*, 215 App. Div. 285.)

The said will contains a power of sale and the grant of a power of sale and real estate owned by a testator has been held to be an extremely cogent evidence of his intention that such real estate was to pass by the will, where, as in this matter, such power would otherwise be meaningless. (*Ely* v. *Megie*, 219 N. Y. 112; *Kalbfleisch* v. *Kalbfleisch*, 67 id. 354.)

From the foregoing cases, and the full context of the will, I am constrained to find that the testator died testate of all his property, and that the residuary personal estate passed to his son David F. Coleman and his granddaughter Elizabeth Scull Stanton, the only child of his daughter Bessie Coleman Scull, who predeceased the testator, by the second clause of said will, which I hereby construe to read after the word " otherwise," " all my investments to my son David F. Coleman and my daughter Bessie Coleman Scull, share and share alike."

And I likewise construe the fifth clause of said will, from the full context thereof, to read at the end thereof as follows, " and to pay the proceeds thereof to my son David F. Coleman and my daughter Bessie Coleman Scull."

I further find that the executors have the necessary authority under said will to hold the securities in trust, and collect and pay over the income to the beneficiary, until her death or remarriage,

and to pay over the principal to testator's children after her remarriage.

I further find that only the mortgages repaid are to be reinvested in that form of security. Funds derived from other investments are to be invested in any securities authorized by law as investments for trustees.

Allowance to the attorney who brought the proceeding will be inserted in the decree.

Prepare decree accordingly.