In the Matter of the Construction of the Will of CHARLES KNIGHT, Deceased.

Surrogate's Court, Queens County, May 19, 1950.

*Frank J. Soff* for Hawley T. Covert, petitioner.

*William B. Shelton* for George Van Pelt and another, respondents.

*Alexander L. Delmonico,* special guardian for Hattie M. Knight.

SAVARESE, S. This is a proceeding to construe the will of the testator who died on July 18, 1948. Said will was admitted to probate in this court on October 6, 1949. It provides for a bequest of $100 to Theodore Van Pelt, a nephew, " but in the event that he is not living at the time of my death then this bequest shall lapse." The residue is devised and bequeathed to a niece, Emma Van Pelt Covert, " and to her heirs and assigns forever." Both Theodore Van Pelt and Emma Van Pelt Covert predeceased the testator. Theodore left a son and daughter surviving, and Emma left a son surviving. Emma's son, Hawley T. Covert, has qualified as administrator *c. t. a.* and has instituted this proceeding praying for a decree adjudging that he is entitled to the entire estate pursuant to the terms of the will. Theodore's two children George Van Pelt and Lorraine Van Pelt Waytowich, contend that the gifts in the will lapsed and that therefore intestacy results.

It is undisputed that the legacy of $100 to Theodore Van Pelt lapsed by reason of his death before the testator and fell into the residue by force of the express language of the will. It is also undisputed that the gift of the residue to Emma Van Pelt Covert is not saved from lapse by virtue of section 29 of the Decedent Estate Law. The antilapse statute does not apply to gifts to a niece or nephew. (*Matter of King,* 200 N. Y. 189; cf. *Matter of Meyn,* 81 N. Y. S. 2d 129.) Petitioner contends that the language of the gift to his mother indicates an intention to avoid a lapse and to bequeath the entire estate to him as sole " heir " of the named legatee. The words " and to her heirs and assigns forever " are not words of substitution but rather of limitation defining the extent of the estate conveyed. It is therefore held that the residuary gift lapsed. (*Van Beuren* v. *Dash,* 30 N. Y. 393, 425; *Matter of Barrett,* 141 Misc. 637; *Matter of Long,* N. Y. L. J., Jan. 28, 1941, p. 431, col. 1 [FOLEY, S.]; *Matter of Fellman,* N. Y. L. J., Nov. 30, 1944, p. 1490, col. 6 [FOLEY, S.]; see *Matter of Wells,* 113 N. Y. 396; *Matter of Tamargo,* 220 N. Y. 225; *Matter of Thompson,* 279 N. Y. 131, and *Matter of Denari,* 165 Misc. 450; cf. *Matter of Evans,* 234 N. Y. 42, and *Waxon Realty Corp.* v. *Rothschild,* 255 N. Y. 332.)

Distribution must be made as in intestacy. (*Wright* v. *Wright,* 225 N. Y. 329, 340.)

It appears that the testator was married and it is not known whether or not his wife survived him. In his will, dated February 13, 1940, he stated: "Inasmuch as I have not heard from or seen my wife, Hattie Montgomery Knight for ten years or more, I presume that she is not living. We were separated over forty years ago when she abandoned my home and it was reported to me on what seemed to be good authority that she has married some other man." Such statement is self serving and not a substitute for competent and adequate proof of death or abandonment. (*Matter of Ward,* N. Y. L. J., June 28, 1949, p. 2282, col. 1.) No request for a finding that she predeceased or abandoned the testator has been made herein. Her right to share in the intestate property cannot be foreclosed in this proceeding. If she survived and is entitled to share under the statute she would be entitled to receive the entire estate as it is alleged that it is valued at less than $10,000. (Decedent Estate Law, § 83, subd. 4.) The two grandnephews and the grandniece would share equally only in half of any excess over $10,000. (Decedent Estate Law, § 83, subds. 4, 8.)

Submit decree on notice construing the will in accordance with the foregoing.