In the Matter of the Construction of the Will of MAX MARKOWITZ, Deceased.

Surrogate's Court, Kings County, December 15, 1953.

*Campbell & Hills* for Martin Markowitz, as administrator *c.t.a.* of Max Markowitz, deceased, petitioner.

*Meyer Schiff* for Rose Markowitz, respondent.

*Daniel Eisenberg,* special guardian for Gloria Rosen and others, infants, respondent.

*Jessie Hyman,* respondent in person.

RUBENSTEIN, S. The executor seeks a construction of testator's will. Testator, who was not an attorney, prepared and typed the instrument himself. The paragraphs are not numbered nor is there any residuary clause.

In construing a will that interpretation should be adopted, if possible, which avoids a partial intestacy (*Matter of Birdsell,* 271 App. Div. 90, affd. 296 N. Y. 840; *Matter of Levi,* 68 N. Y. S. 2d 846; *Matter of Jann,* 144 Misc. 64, 795). The court determines that decedent intended to dispose of all his property under the terms of his will (*Matter of Coleman,* 143 Misc. 601, 605; *Matter of McKendrie,* 150 Misc. 665).

The court construes the provisions of the will for the benefit of testator's daughter, Dorothy, as creating a true trust for her benefit with his son, Martin, as trustee. The trust is to continue for the life of Dorothy with the income thereof payable to her, with discretion in the trustee to invade principal for her benefit in case of necessity with payment over on Dorothy's death prior to the exhaustion of the principal sum. The proviso for payment over of the remainder of Dorothy's trust indicates that decedent intended it to be an active trust (*Brown* v. *Spohr,* 180 N. Y. 201, 209; *Matter of Black,* 33 N. Y. S. 2d 359, affd., 262 App. Div. 996, motion for leave to appeal denied, 263 App. Div. 717), and is thereby distinguishable from the other bequests for the benefit of his grandchildren. Dorothy's death prior to decedent did not effect the proviso for the payment over of her bequest to her daughter, Gloria Rosen (*Matter of Northrip,* 258 App. Div. 71, affd. 282 N. Y. 797; *Matter of Rapp,* 181 Misc. 556; *Matter of Hafner,* 45 App. Div. 549; *Downing* v. *Marshall,* 23 N. Y. 366, 370; Decedent Estate Law, § 29). While the trust for Dorothy never came into operation because she predeceased the testator, the disposition of the remainder of the trust is effective as if Dorothy had survived testator and then died (*Matter of Fordham,* 235 N. Y. 384, 389).

The bequests in trust for each of testator's named grandchildren are vested since the gifts are to them directly and no provision is made for payment over in the event any of them should die prior to attaining their majority. The bequest to Gloria Rosen is likewise vested and would pass to her estate if she dies prior to attaining the age of twenty years (*Close* v. *Farmers' Loan & Trust Co.,* 195 N. Y. 92, 99–100; *Matter of Hoffman,* 65 Misc. 126, 133, 134, affd. 140 App. Div. 121, mod. 201 N. Y. 247). The sum bequeathed to her, however, shall be held by decedent's son, Martin, as trustee of a power in trust with authority in his " discretion to use some of the money " for her " when it is absolutely necessary " (*Gillies* v. *Gillies,* 239 App. Div. 582; *Morse* v. *Morse,* 85 N. Y. 53, 60; 1 Scott on Trusts, § 24, p. 147).

Testator in his will expressly mentioned the exact amount of money he had on deposit in several Totten trust savings bank accounts and provided, '' this money is to be divided to the children and grandchildren as I stated in the previous 2 pages of this will. * * * This part of the will shall be carried out within the year of my death.'' Since these bequests cannot be paid without invading such savings bank accounts, in the light of the language used by testator, it is clear that he intended to revoke said Totten trusts (*Walsh* v. *Emigrant Ind. Sav. Bank,* 106 Misc. 628, 630, affd. 192 App. Div. 908, 233 N. Y. 512; *Matter of Totten,* 179 N. Y. 112; *Matter of Schrier,* 145 Misc. 593; *Matter of Shelley,* 50 N. Y. S. 2d 570, 573). The proceeds of said savings bank accounts are, therefore, payable to the credit of testator's estate.

Submit decree, on notice, construing the will accordingly.