Maximilian Moss, S.
In this accounting proceeding, the court is required to construe testatrix’ will. Testatrix died April 5, 1955; her will, dated August 31, 1943, was admitted to probate in this court on December 27, 1955. The legacy, provided by testatrix under paragraph “ Third” of her will, is payable to St. Paul’s Methodist Church of Vanderveer Park (Religious Corporations Law, §§ 13, 16; Westminster Presbyt. Church v. Trustees of Presbytery, 142 App. Div. 855, 875, 876; Bank of United States v. Glickman, 241 App. Div. 92, affd. 265 N. Y. 539).
By paragraph “ Fourth ”, which is the residuary clause of the will, testatrix made bequests of specified amounts to her sister, Karin K. Olson, to nephews, nieces and others named therein. Testatrix’ sister predeceased testatrix leaving surviving the children and grandchildren of testatrix’ sister. The terms of the will indicate that testatrix did not intend to exclude her sister’s children and descendants from taking the share of said legatee in the event she predeceased testatrix. In the absence of any clear language to the contrary, the children and grandchildren of testatrix’ sister take her share (Decedent Estate Law, § 29; Matter of Storm, 205 Misc. 1109; Matter of Troll, 120 N. Y. S. 2d 764; Matter of Lutz, 122 Misc. 336, 339; Matter of Meyn, 81 N. Y. S. 2d 129) as if such legatee had survived testatrix and had died intestate.
The bequests to testatrix’ nephew and nieces, Kerstin Halvarson, Linnea Lind and Ivar Mattson, named in said paragraph ‘ ‘ Fourth ’ ’ of the will, lapsed by reason of their having predeceased the testatrix, since no provision was made in the will for a substitutionary gift over. The provisions of section 29 of the Decedent Estate Law do not save a legacy made to nominated nephews and nieces who predeceased testator (Matter of King, 200 N. Y. 189, 197, 198; Matter of Knight, 198 Misc. 443; Matter of Taylor, 115 N. Y. S. 2d 375, appeal dismissed 284 App. Div. 863). Such lapsed legacies shall be distributed to *797 the next of kin of testatrix, or their legal representatives, as in intestacy.
With respect to the named legatees who survived testatrix but have since died, the gift to them vested upon testatrix’ death and passed to their legal representatives (Matter of Kahan, 98 N. Y. 372; Matter of Watson, 262 N. Y. 284; Matter of Bolton, 257 App. Div. 760, affd. 282 N. Y. 728).
Settle decree on notice.